UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S., <br><br> *Plaintiff*, <br> And <br><br> ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S., <br><br> *Plaintiff-Intervenor*, <br> And <br><br> HABAS SINAI VE TIBBI GAZLAR ISTIHSAL ENDUSTRISI A.S. <br><br> *Plaintiff-Intervenor,* <br> v. <br><br> THE UNITED STATES, <br><br> *Defendant*, <br> And <br><br> REBAR TRADE ACTION COALITION, <br><br> *Defendant-Intervenor.* | Court No. 24-00018 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF-INTERVENER'S
MOTION TO INTERVENE AND MOTION FOR INJUNCTION**

Pursuant to Rules 7(d) and 65(a) of the Rules of the U.S. Court of International Trade, defendant, the United States, respectfully submits this opposition to proposed plaintiff-intervener's, Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S. (Habas), motion to intervene as plaintiff-intervenor (ECF No. 38) and motion for statutory injunction (ECF No. 39). For the reasons explained below, we respectfully request that the Court deny the motions.

**BACKGROUND**

On December 28, 2023, United States Department of Commerce (Commerce) issued its final results in the administrative review of the antidumping duty orders covering steel concrete reinforcing bar from the Republic of Turkey, with a period of review of July 1, 2021, through June 30, 2022. *Steel Concrete Reinforcing Bar From the Republic of Turkey,* 88 Fed. Reg. 89,663 (Dep't of Commerce December 28, 2023) (final AD results; 2021-2022) (Final Results), and accompanying Issues and Decision Memorandum. Commerce's policy is to issue liquidation instructions no earlier than 35 days after the publication of the final results of an administrative review. Commerce informed the parties in the final results that "Commerce intends to issue assessment instructions to [U.S. Customs and Border Protection (CBP)] no earlier than 35 days after the date of publication of the final results of this review in the Federal Register." 88 Fed. Reg. 89,664.

On February 5, 2024, 39 days after Commerce published the Final Results, Commerce transmitted liquidation instructions for certain entries. *See* Message No. 4060410, Liquidation instructions for steel concrete reinforcing bar from the Republic of Turkey: multiple companies for the period 07/01/2021 through 06/30/2022 (A-489-829), U.S. Customs and Border Protection (CBP), February 5, 2024 (Liquidation Instructions); *see also* 19 C.F.R. § 159.9 (noting that the electronic posting of liquidation instructions "will be deemed the legal evidence of liquidation").

Plaintiff Kaptan Demir Celik Endustrisi ve Ticaret A.S. (Kaptan) filed a summons and complaint with this Court on January 29, 2024, ECF Nos. 1, 2, and filed a consent motion for statutory injunction on February 26, 2024, ECF No. 11. Plaintiff-Intervenor ICDAS Celik Enerji Tersane Ve Ulasim Sanayi, A.S. (ICDAS) filed its motion to intervene and consent motion for

statutory injunction on February 26, 2024.[1]  ECF Nos. 15, 16.  The Court granted plaintiff Kaptan's and plaintiff-intervenor ICDAS' motions on February 26 and 27, 2024 respectively.  ECF Nos. 16, 20, 21.

On June 7, 2024, 123 days after Commerce transmitted liquidation instructions, CBP liquidated Habas's entries subject to the administrative review.  ECF No. 39, Habas Mot. for Stat. Inj. at 3.[2]  There were no injunctions applicable to the entries covered by that liquidation.  On July 11, 2024, 34 days after CBP liquidated Habas's entries, Habas filed a motion to intervene in this case, ECF No. 38, and a motion for statutory injunction, ECF No. 39.  The United States opposed both motions.  On July 12, 2024 the Court entered a paperless order issuing the proposed statutory injunction (ECF No. 39) as a Temporary Restraining Order to "avoid the irreparable harm of mootness," and granted the motion to intervene (ECF No. 38) "subject to reconsideration after responsive briefing."  ECF No. 40.  The order stated that the Court would also "consider whether the TRO should become permanent or should be dissolved" after responsive briefing.  *Id.*

## ARGUMENT

### I. Habas's Motion For An Injunction Should Be Denied

Because CBP has liquidated Habas's entries subject to the review underlying this appeal in accordance with lawful instructions from Commerce, and there was no injunction applicable to the entries covered by that liquidation, this Court should deny Habas's motion for an injunction.

---

[1] ICDAS filed a correct motion to intervene on February 27, 2024.  ECF No. 17.
[2] Citations to Habas's motions are to the page numbers in the motion unless otherwise noted.

3

As a general rule, once entries are liquidated, a party's claims to those liquidated entries are moot. *See Zenith Radio Corp. v. United States*, 710 F.2d 806 (Fed. Cir. 1983); *see also Cambridge Lee Indus., Inc. v. United States*, 916 F.2d 1578, 1579 (Fed. Cir. 1990) ("Once an entry has been liquidated, the duties paid cannot be recovered even if the payor subsequently prevails in its challenge to the antidumping order."). For example, in *SKF USA, Inc.*, the U.S. Court of Appeals for the Federal Circuit vacated a judgement affirming a redetermination of antidumping duties, where the covered entries had been deemed liquidated by operation of law prior to the redetermination. *SKF USA, Inc. v. United States*, 512 F.3d 1326, 1332 (Fed. Cir. 2008). The Court held that the entries had been liquidated prior to the issuing of an injunction, and that, even though the trial court entered an injunction several months later, "[t]o allow the backdating of an injunction on liquidation that the court granted after the covered entries were liquidated would undermine the rule of *Zenith*." *Id.* The *Zenith* rule has been consistently applied in this Court to deny motions for injunctions filed after CBP had liquidated the entries in question. *See, e.g.*, *YC Rubber Co. (N. Am.) LLC v. United States,* 415 F. Supp. 3d 1240 (Ct. Int'l Trade 2019); *see also An Giang Fisheries Imp. & Exp. Joint Stock Co. v. United States*, 211 F. Supp. 3d 1346 (2017).

This case falls squarely within the *Zenith* rule. CBP liquidated Habas's entries subject to the review underlying this appeal more than a month before Habas's request for an injunction.[3]

---

[3] It is not clear what benefit Habas's proposed injunction would provide to Habas in any event. As written, the proposed injunction does not require CBP to un-liquidate Habas's entry as it only applies to "unliquidated entries." *See* ECF No. 39 at 1 ("ORDERED that Defendant, United States…is enjoined during the pendency of this litigation, including any appeals, from issuing instructions to liquidate or making or permitting liquidation of any unliquidated entries of steel concrete reinforcing bar from the Republic of Turkey…"). While Habas does not ask the Court to backdate its injunction to prior to the liquidation, even if it did, permitting backdating of the liquidated entries would be in direct contravention to *Zenith*. *See SKF USA, Inc. v. United States,* 512 F.3d 1326, 1332 (Fed. Cir. 2008) ("[t]o allow backdating of an injunction on

As the Federal Circuit has explained, "a party must secure a preliminary injunction barring liquidation. If no such injunction is entered and the entries are liquidated, the challenge to Commerce's antidumping order becomes moot." *See Carbon Activated Corp. v. United States*, 791 F.3d 1312, 1315 (Fed. Cir. 2015). And although there are a limited number of exceptions to the *Zenith* rule, Habas does not even attempt to argue that it satisfies any of them. Those arguments should therefore be deemed waived. *See Coal. for Fair Trade in Garlic v. United States*, 437 F. Supp. 3d 1347, 1358 (Ct. Int'l Trade 2020) ("It is well-settled that undeveloped arguments…are 'deemed waived.'" (citing *United States v. Great Am. Ins. Co. of New York*, 738 F.3d 1320, 1328 (Fed. Cir. 2013)). In any event, Habas's case does not fit within any of the exceptions. There is no question that CBP correctly executed Commerce's lawful liquidation instructions, and that CBP did not liquidate Habas's entries in contravention to an injunction order from this Court. *See Agro Dutch Indus. Ltd. v. United States*, 589 F.3d 1187, 1192-93 (Fed. Cir. 2009) (listing exceptions to *Zenith* rule).

Therefore, and as Habas concedes, the only way for Habas to challenge the liquidation is to file a protest with CBP. *See* Habas Mot. for Stat. Inj. at 3-4 (citing 19 U.S.C. § 1514); *see also Husteel Co., Ltd. v. United States*, 34 F. Supp. 3d 1355, 1364 (Ct. Int'l Trade 2014) (holding that the sole remedy for liquidated entries is the administrative process pursuant to 19 U.S.C. § 1514); *Carbon Activated Corp.*, 791 F.3d at 1315 (holding that, for three entries erroneously liquidated, Carbon could have pursued a remedy pursuant to 19 U.S.C. § 1514). Habas appears to argue that the act of filing a protest with CBP "will restore the entry to unliquidated status during its pendency, and the injunction against liquidation sought herein will then operate to

---

liquidation that the court granted after the covered entries were liquidated would undermine the rule of *Zenith*.").

5

maintain that unliquidated status until the present litigation is concluded." Habas Mot. for Stat. Inj. at 4. Habas is wrong. Its circuitous argument lacks any merit and is contrary to clear federal circuit precedent. *See Carbon Activated Corp.*, 791 F.3d at 1315 ("a party must secure a preliminary injunction barring liquidation. If no such injunction is entered and the entries are liquidated, the challenge to Commerce's antidumping order becomes moot."). Absent a prior issued injunction from this Court, CBP has no authority to restore an entry to unliquidated status that was liquidated in accordance with lawful instructions from Commerce. Indeed, the statutory scheme at issue *requires* the entries to be liquidated unless enjoined by this Court. *See Agro Dutch Indus. Ltd,* 589 F.3d at 1190 (explaining statutory scheme); *see also Yancheng Baolong Biochemical Prods. Co. v. United States*, 406 F.3d 1377, 1381 (Fed. Cir. 2005) ("As this court held in [*Zenith*], if there is no injunction, liquidation is automatic under 19 U.S.C. § 1516a(e) and § 1516a(c)(1), and any decision on the merits of a liquidation challenge after liquidation has taken place is without effect."); *Cambridge Lee Indus., Inc. v. United States*, 916 F.2d 1578, 1579 (Fed. Cir. 1990) ("Once an entry has been liquidated, the duties paid cannot be recovered even if the payor subsequently prevails in its challenge to the antidumping order.").

On July 30, 2024, Habas filed a motion for "leave to submit updated information concerning Habaş's entries that are subject to the temporary restraining order." *See* ECF No. 45. Habas attached to the motion a "Notification Of Updated Information Concerning Status Of Entries Subject To Temporary Restraining Order," in which it states that it "sent an email to Customs asking that the two entries in question be reset to unliquidated status" and that, in response, "Customs responded to counsel's email, declining to reset the entries and advising counsel that this was a protestable act." ECF No. 45-1 at 2. The notification then goes on to state that on July 29, 2024, Habas "protested Customs' July 24, 2024, decision declining to reset

the entries, and requesting 'further review' of the protest." ECF No. 45-1 at 2. It is not clear the purpose of Habas's notification, which does not advance its position; rather, if anything, the notification bolsters the Government's position that Habas's challenge to Commerce's antidumping order is moot. The basis for Habas's protest appears to be that the Court entered a temporary restraining order enjoining the liquidation of its entries. But those entries liquidated long before the restraining order issued.

Because CBP has liquidated Habas's entries subject to the review underlying this appeal in accordance with lawful instructions from Commerce, Habas's challenge to Commerce's antidumping order is moot. Accordingly, this Court should deny Habas's motion for injunction.

## II. Habas's Motion To Intervene Should Also Be Denied

Habas's motion to intervene should similarly be denied. Because Habas's entries have already been liquidated, this Court cannot grant Habas the relief it seeks, and Habas's claims are moot. *Compare* ECF No. 38, Habas Mot. to Interv. at 3 ("To the extent that Commerce recalculates the antidumping margin of Plaintiff Kaptan as a result of this litigation, Habaş maintains that Commerce must then recalculate the 'all-others' rate applicable to Habaş, as a non-mandatory respondent, in accordance with 19 U.S.C. §1671d(c)(5)(A)(i)."), *with Yancheng Baolong Biochemical Prods. Co.,* 406 F.3d at 1381 ("As this court held in [*Zenith*], if there is no injunction, liquidation is automatic under 19 U.S.C. § 1516a(e) and § 1516a(c)(1), and any decision on the merits of a liquidation challenge after liquidation has taken place is without effect."); *Cambridge Lee Indus., Inc*, 916 F.2d at 1579 ("Once an entry has been liquidated, the duties paid cannot be recovered even if the payor subsequently prevails in its challenge to the antidumping order.").

Even if this Court determines that Habas has standing to pursue its claims, it should deny Habas's motion to intervene because Habas has failed to demonstrate good cause for its delay. *See* CIT R. 24(a)(3). Habas gives no reason for its delay other than "Habaş mistakenly and inadvertently did not have the litigation deadlines calendared." Habas Mot. To Intervene at 4. But Habas provides no explanation for its dilatoriness in joining this suit. Habas does not allege that it was not aware of the lawsuit, nor could it given that Kaptan was required to notify all "interested parties" (i.e. Habas) of the filing of this action. *See* 19 U.S.C. § 1516a(d). Habas's motion to intervene was filed 196 days after the Final Results were published and 164 days after Kaptan filed this suit. Habas had more than ample time to join this lawsuit as an intervener, but failed to do so.

Habas's citation to both *Sumitomo Metal Indus., Ltd. v. Babcock & Wilcox Co.*, 669 F.2d 703 (C.C.P.A. 1982) and *Auxin Solar, Inc. v. United States*, No. 23-00274, 2024 WL 2088042 (Ct. Int'l Trade May 9, 2024) are inapposite. The Court in *Sumitomo* explained that the "quid pro quo for this right [to intervene] being unconditional is that it must be exercised promptly." *Sumitomo Metal Indus., Ltd. v. Babcock & Wilcox Co.*, 669 F.2d 703, 708 (C.C.P.A. 1982). And in *Auxin Solar*, the intervenors filed their "motions to intervene [] within 30 days of the complaint." *Auxin Solar, Inc. v. United States*, No. 23-00274, 2024 WL 2088042 at *15 (Ct. Int'l Trade May 9, 2024).

Furthermore, Habas will not be prejudiced by the Court denying its motion to intervene. That is because Habas's entries have already been liquidated, and this Court cannot therefore grant the relief that Habas seeks. *See Agro Dutch Indus. Ltd.*, 589 F.3d at 1190; *Yancheng Baolong Biochemical Prods. Co.*, 406 F.3d at 1381; *Cambridge Lee Indus., Inc,* 916 F.2d at 1579.

## CONCLUSION

For these reasons, we respectfully request that the Court deny Habas's motion for statutory injunction and motion to intervene.

                                                              Respectfully submitted,

                                                              BRIAN M. BOYNTON
                                                              Principal Deputy Assistant Attorney General

                                                              PATRICIA M. McCARTHY
                                                              Director

**/s/ L. Misha Preheim**
L. MISHA PREHEIM
Assistant Director

**/s/ Joshua W. Moore**
JOSHUA W MOORE
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-2312
E-mail: Joshua.w.moore@usdoj.gov

David W. Richardson
Of Counsel
U.S. Department of Commerce
Office of Chief Counsel for Trade
Enforcement and Compliance
1401 Constitution Avenue, NW.
Room 3614
Washington, DC 20230
(202) 482-3155
Fax: (202) 482-4912
Email: david.richardson@trade.gov

August 1, 2024                                              *Attorneys for United States*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the Rules of this Court in that it contains 2,526 words, including text, footnotes, and headings.

<u>/s/ Joshua W. Moore</u>
JOSHUA W MOORE

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S., <br><br>*Plaintiff*, <br>And <br><br>ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S., <br><br>*Plaintiff-Intervenor*, <br>And <br><br>HABAS SINAI VE TIBBI GAZLAR ISTIHSAL ENDUSTRISI A.S. <br><br>*Plaintiff-Intervenor,* <br>v. <br><br>THE UNITED STATES, <br><br>*Defendant*, <br>And <br><br>REBAR TRADE ACTION COALITION, <br><br>*Defendant-Intervenor.* | Court No. 24-00018 |

**ORDER**

Upon consideration of Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S.'s (Habas) motion to intervene (ECF No. 38) and motion for statutory injunction (ECF No. 39), it is hereby

ORDERED that Habas's motion to intervene and motion for statutory injunction are DENIED.

Dated:_____, 2024     _____
New York, New York                              JUDGE