Slip Op. 24-90

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S., <br><br>  Plaintiff, <br><br> ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S., <br><br>  Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br>  Defendant, <br><br> REBAR TRADE ACTION COALITION, <br><br>  Defendant-Intervenor. | Before: Jane A. Restani, Judge <br><br> Court No. 24-00018 |

## OPINION AND ORDER

[Motion to intervene and motion for statutory injunction are denied as the underlying entries have already been liquidated.]

Dated: August 8, 2024

David L. Simon, Law Office of David L. Simon, of Washington, DC, for Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S.

Leah N. Scarpelli, Jessica R. DiPietro, Matthew M. Nolan, and Nancy A. Noonan, ArentFox Schiff LLP, of Washington, DC, for plaintiff Kaptan Demir Celik Endustrisi ve Ticaret A.S. and plaintiff-intervenor ICDAS Celik Enerji Tersane Ve Ulasim Sanayi, A.S.

Joshua W. Moore, Commercial Litigation Branch, U.S. Department of Justice, of Washington, DC, for the defendant. With him on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and L. Misha Preheim, Assistant Director. Of counsel on the brief was David W. Richardson, Office of Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

<u>John R. Shane</u>, <u>Alan H. Price</u>, <u>Maureen E. Thorson</u>, and <u>Stephen A. Morrison</u>, Wiley Rein, LLP, of Washington, DC, for defendant-intervenor Rebar Trade Action Coalition.

    Restani, Judge:  Before the court is a motion to intervene and a motion for a statutory injunction from Habas Sinai ve Tibbi Gazlar Isihsal Endustrisi A.S. ("Habas").  Partial Consent Mot. of Habas Sinai Ve Tibbi Gazlar Istihsal Endustrisi A.S. To Intervene as a Matter of Right, ECF No. 38 (July 11, 2024) ("Mot. to Intervene"); Partial Consent Mot. of Proposed Pl.-Intervenor Habas Sinai Ve Tibbi Gazlar Istihsal Endustrisi A.S. for Statutory Inj., ECF No. 39 (July 11, 2024) ("Mot. for Inj.").  Habas is a foreign producer of steel concrete reinforcing bar from the Republic of Turkey, and, while it was not a mandatory respondent, it was a party to the administrative review underlying this case.  Mot. to Intervene at 2.  Although Habas did not file its motion within the deadline set by USCIT R. 24(a)(3), it contends that good cause exists to grant its motion.

    As a threshold matter, the court must consider whether Habas maintains an interest in this case.  The Federal Circuit has held that, in the context of judicial review under 19 U.S.C. § 1516a, "once liquidation occurs the trial court is powerless to order the assessment of duties at any different rate."  <u>SKF USA, Inc. v. United States</u>, 512 F.3d 1326, 1328–29 (Fed. Cir. 2008) (citing <u>Zenith Radio Corp. v. United States</u>, 710 F.2d 806 (Fed. Cir. 1983) ("Once liquidation occurs, a subsequent decision by the trial court on the merits of [a] challenge can have no effect on the dumping duties assessed.")).  Similarly, the court may not compel U.S. Customs and Border Protection ("Customs") to unliquidate unenjoined entries, nor may the court issue a backdated injunction.  <u>See</u> <u>id.</u> at 1329.

    Here, the underlying entry liquidated on June 7, 2024, although Habas plans to protest said liquidation.  Mot. to Intervene at 6 n.1.  Habas argues that because the liquidation is not final, "Customs has the authority to reverse the liquidation <u>via</u> a protest, and restore the entry to unliquidated status."  Mot. to Intervene at 6 (emphasis in original).

Whatever Habas expects to obtain from its protest, it cannot secure the relief it seeks here. The plain language of 19 U.S.C. § 1516a requires a party to obtain an injunction of liquidation to be entitled to the benefit of a successful challenge to an unfair trade decision of Commerce; otherwise, the original decision will stand. See 19 U.S.C. § 1516a(e) (2018) ("If the cause of action is sustained in whole or in part . . . entries, the liquidation of which was enjoined under subsection (c)(2), shall be liquidated in accordance with the final court decision in this action.").[1]

Habas has not presented an unusual set of facts that might result in some kind of relief due to some misstep by Customs. This is a common situation—Habas failed to obtain an injunction of liquidation, and liquidation occured at the rate found by Commerce. For the foregoing reasons, the court **DENIES** the motion to intervene (ECF No. 38); **DENIES** the motion for statutory injunction (ECF No. 39); and **DISSOLVES** the Temporary Restraining Order (ECF No. 40).

　/s/ Jane A. Restani　  
Jane A. Restani, Judge

Dated: August 8, 2024  
New York, New York

---

[1] See also 19 U.S.C. § 1516a(c) ("Unless such liquidation is enjoined by the court under paragraph (2) of this section, entries . . . shall be liquidated in accordance with the determination of [Commerce] . . . ." 19 U.S.C. § 1516a(c) (emphasis added)).